UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND C. GREEN TRUST,
            Plaintiff,

            v.                                          CIVIL ACTION NO. 22-11724-ADB

NICHOLAS J. FIORILLO,
OCEAN VACATIONS REALTY TRUST,
TRACY FIORILLO,
TRACY KROWELL,

            Defendants.


ORDER

BURROUGHS, D.J.

        Before the Court is Defendant Nicholas Fiorillo's ("Fiorillo") Notice of Removal of the action from the Barnstable Housing Court styled Green v. Fiorillo et al., 22H83SP02638CI pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443.[1]  For the reasons stated below, this action is ordered REMANDED to the Barnstable Housing Court and the clerk is directed to enter a separate order of remand.  Pursuant to Local Rule 81.1(d) this action will be remanded by the Clerk no sooner than 30 days after the entry of this order.  See Forty Six Hundred LLC v. Cadence Educ., LLC, 15 F.4th 70, 81 (1st Cir. 2021) (suggesting that "[i]f a motion to remand is granted by the district court in a removed case and the remand order is appealable, the district court may wish to avoid immediately certifying the remand order and returning the case file to

---

[1] As an initial matter, Fiorillo has neither paid the $402 filing and administrative fee for removal of a civil action nor sought leave to proceed in forma pauperis.  While the Court ordinarily would permit leave to address this issue, the Court need not do so where the matter is being remanded.  Should the plaintiff seek to proceed further in this action, he must either pay the $402 filing fee to remove the action or seek leave to proceed in forma pauperis.

the state court").  That Local Rule, in the absence of an order otherwise from this Court, provides

Fiorillo time to determine whether he wishes to appeal this matter.[2]

This Court has no subject matter jurisdiction, and therefore the action must be remanded

pursuant to 28 U.S.C. § 1447(c).  With respect to removed actions, "[i]f at any time before final

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

remanded."  Id.  Subject matter jurisdiction under Section 1447(c) "can be entertained at any

time and it can be either raised by the Court sua sponte or by the parties to the proceedings."

Rivera Narvaez v. JC Penney Puerto Rico, Inc., Civ. No. 18-1896-RAM, 2019 WL 3941104 at

*2 (D.P.R. Aug. 20, 2019) (citation and quotations omitted).  The Court also has an independent

obligation to inquire into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5

(1st Cir. 2004).  Here, after review of the notice of removal, the Court concludes there is no

subject matter jurisdiction.

First, there is no basis to remove the action pursuant to 28 U.S.C. § 1441(a).  Section

1441(a) provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place
> where such action is pending.

28 U.S.C.A. § 1441(a).  Although the complaint is missing from the notice of removal, the

docket is attached, and the action is a summary process foreclosure action apparently based

entirely on state law.  See State Court Docket, ECF no. 1-1 at 3.  While Fiorillo claims that the

plaintiffs bringing the action are involved in violations of federal statutes, "the assertion of a

federal claim by a defendant in its notice of removal cannot support the exercise of federal

---

[2] Here, because the notice of removal asserts 28 U.S.C. § 1443 as a basis of removal, this order is
appealable.  28 U.S.C. § 1447(d).

question jurisdiction."  Watson v. Toure, CV 20-10349-PBS, 2020 WL 837360, at *2 (D. Mass.

Feb. 20, 2020) (remanding attempted removal of summary process action based upon allegations

of violation of Farid Debt Collection Practices Act).  No assertion of jurisdiction is made under

28 U.S.C. § 1332.  Accordingly, because there is no original jurisdiction over the underlying

action under 28 U.S.C. §§ 1331 and 1332, removal fails under 28 U.S.C. 1441(a).

Fiorillo's purported removal under 28 U.S.C. § 1443 fares no better.  Section 1443

provides in pertinent part:

> Any of the following civil actions . . ., commenced in a State court may be
> removed by the defendant to the district court of the United States for the district
> and division embracing the place wherein it is pending:
> (1)      Against any person who is denied or cannot enforce in the courts of such
> State a right under any law providing for the equal civil rights of citizens of the
> United States, or of all persons within the jurisdiction thereof;
> (2)       For any act under color of authority derived from any law providing for
> equal rights, or for refusing to do any act on the ground that it would be
> inconsistent with such law.

28 U.S.C.A. § 1443.  This statute has been interpreted extremely narrowly by the Supreme

Court: neither subpart applies here.

Under the first subpart, "[t]he Supreme Court has construed this statutory language as

being limited to 'any law providing for specific civil rights stated in terms of **racial equality**.'"

Peltier v. Peltier, 548 F.2d 1083, 1084 (1st Cir. 1977) (emphasis added) (quoting Georgia v.

Rachel, 384 U.S. 780, 792 (1966)); see Imasuen v. Winn Prop. Mgt., CIV.A. 13-13204-DPW,

2013 WL 6859094, at *2 (D. Mass. Dec. 26, 2013) (removed summary process case subject to

remand where first subpart did not apply).  On the face of the notice of removal there is no such

racial component asserted at all.

As to the second subpart, "[r]emoval pursuant to § 1443(2) is available only to federal

officers and to persons assisting such officers in the performance of their official duties."

Nickerson-Malpher v. Wells Fargo Bank, N.A., C.A. 10-1033-JLT, 2010 WL 3069950, at *3 (D.

Mass. Aug. 3, 2010) (quoting Greenwood v. Peacock, 384 U.S. 808, 815 (1966)); see also

Massachusetts Council of Constr. Employers, Inc. v. White, 495 F. Supp. 220, 221

(D.Mass.1980).  Fiorillo makes no such allegations.

SO ORDERED.


November 10, 2022                          /s/ Allison D. Burroughs____
DATE                                     ALLISON D. BURROUGHS
                                         UNITED STATES DISTRICT JUDGE